
**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

**FRANKLIN J. GUTIERREZ, Individually and as Co-Administrator of the ESTATES OF JOSE T. AND FLORENCE S. GUTIERREZ,**
Plaintiff-Appellee,

**v.**

**JOE & FLO'S, INC.,**
Defendant-Appellant.

Supreme Court Case No. CVA24-006
Superior Court Case No. CV1029-17

## OPINION

### Cite as: 2025 Guam 4

Appeal from the Superior Court of Guam
Argued and submitted on February 26, 2025
Hagåtña, Guam

Appearing for Defendant-Appellant:
Vincent Leon Guerrero, *Esq.*
Attorney at Law
P.O. Box 12457
Tamuning, GU 96931

Appearing for Plaintiff-Appellee:
Bill R. Mann, *Esq.*
Berman Law Firm
Bank of Guam Bldg.
111 Chalan Santo Papa, Ste. 503
Hagåtña, GU 96910


**E-Received**
9/5/2025 4:40:20 PM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, C.J.:**

[1]     Franklin J. Gutierrez ("Franklin"), both individually and as co-administrator of the Estates of Jose T. and Florence S. Gutierrez (collectively "Jose and Florence" or the "Estates"), sued Joe & Flo's, Inc. ("Joe & Flo's" or the "Corporation") over the Estates' ownership percentage in the Corporation. Following a bench trial, the trial court concluded that the Estates own a 24% interest in Joe & Flo's and ordered the Corporation to issue a stock certificate reflecting this ownership stake. On appeal, Joe & Flo's disputes the trial court's finding of the Estates' ownership of 24% of Joe & Flo's.[1] We affirm.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

[2]     "Jose and Florence Gutierrez's six children formed Joe & Flo's." Record on Appeal ("RA"), tab 73 at 2 ¶ 1 (Finds. Fact & Concl. L., Jan. 8, 2024). The four brothers—Joseph, Roland, Harry, and Franklin—each invested $425.00 to receive 42.50 shares. The two sisters—Maryanne Sablan and Florence Elliott—each invested $400.00 to receive 40.00 shares.

[3]     Less than six months later, the Corporation's Board of Directors, comprised of Jose and Florence Gutierrez's six children, met to discuss bringing their parents into the business. The Board approved issuing 78.75 shares to Jose and Florence at $10 per share. The Board also expressed its intent that Jose and Florence would have a 24% interest in the Corporation and would have the right to purchase additional shares as needed to maintain that percentage. That same day, Jose and Florence transferred four parcels of real property to the Corporation. The Deed of Gift

---

[1] In its briefs, Joe & Flo's initially challenged the trial court's subject matter jurisdiction (arguing Franklin lacked standing and that his claim was not ripe) and Franklin's authority to bring the lawsuit without joining the co-administrator. Appellant's Br. at 5–6, 8 (Aug. 19, 2024). But at oral argument, it withdrew both arguments. Oral Argument at 10:00:26–10:03:55 (Feb. 26, 2025). We, therefore, do not address these issues.

for the property documented this transfer as consideration for the 78.75 shares, along with the parents' "love and affection" for their children. *Id.* ¶ 9.

[4]       Jose and Florence Gutierrez both passed away. The probate court found that Florence's holographic will disposed of Jose and Florence's interests in the Corporation. RA, tab 1 (Compl., Oct. 2, 2017), Ex. C at 6–7 (Dec. & Order Interpreting Will, Apr. 9, 2014). Based on the will, the probate court determined that the Estates' stock interest in Joe & Flo's "shall be at the disposal of the Decedents' son, Franklin J. Gutierrez, to do with as he sees fit." *Id.* at 10; *see also* RA, tab 73 at 3 ¶ 11 n.2 (Finds. Fact & Concl. L.) (taking judicial notice of the probate court's decision and order interpreting will). When Joe & Flo's later disputed the initial stock transfer to the parents, the probate court found it lacked jurisdiction to resolve that dispute.[2] RA, tab 32 (Decl. Mann, Feb. 8, 2022), Ex. A at 1 (Dec. & Order, May 11, 2017). Franklin moved for reconsideration, and the probate court clarified that its order did not bar Franklin from inheriting the shares. RA, tab 32 (Decl. Mann), Ex. B at 5 (Dec. & Order, Sep. 20, 2017). Instead, the court said it would grant Franklin "leave to file any necessary suit with the Superior Court of Guam over the Company and the Decedents' agreement over the shares." *Id.*

[5]       Franklin and Mark Sablan ("Mark") are co-administrators of the Estates. Mark has been Secretary of the Corporation since Franklin was removed from the position. Franklin, individually and as co-administrator of the Estates, filed a complaint in the Superior Court seeking a declaration that the Estates own a 24% interest in Joe & Flo's.

[6]       The case proceeded to a bench trial where the three witnesses Joe & Flo's presented, Florence Elliot, Mark, and Harry Gutierrez ("Harry"), each testified that none of the shareholders purchased additional stock. Transcript ("Tr.") at 42, 46–47, 49–50, 54–55 (Bench Trial, Oct. 13,

---

[2] We express no opinion on the correctness of this determination.

2023). Elliot testified that she had been a shareholder and director since Joe & Flo's was created and that no shareholders ever purchased additional shares in the Corporation. *Id.* at 38, 42. Mark testified he had been the Secretary of Joe & Flo's "around 2017, when Franklin Gutierrez was removed from the board," and there was no "evidence" that any shareholders had purchased additional shares. *Id.* at 46. Harry, the President of Joe & Flo's since its creation and a shareholder, testified that neither his parents nor siblings had purchased additional shares. *Id.* at 49–50, 55. Harry also testified that no stock certificates were ever issued to anyone in the Corporation "because all my brothers and sisters, we trust each other." *Id.* at 52. Elliot and Harry both testified that their parents, Jose and Florence Gutierrez, said they did not want more shares of Joe & Flo's. *Id.* at 40, 50.

[7] "Harry testified that his parents refused to take any additional shares because they wanted the children to run the corporation" and that his parents told him they did not want additional shares. RA, tab 73 at 4 ¶ 19 (Finds. Fact & Concl. L.). Harry also testified that his parents "own shares 'paper wise' but that 'they never accepted it.'" *Id.* ¶ 21. However, Harry acknowledged that a 2009 Annual Report, filed by the Corporation in May 2011 and signed by Harry as President, listed Jose and Florence as owning 78.75 shares. RA, tab 32 (Decl. Mann), Ex. C at 1–2 (Guam Annual Report for Joe & Flo's Inc. 2009, May 4, 2011).

[8] A subsequent 2022 Annual Report lists each of the six siblings as having 646 shares subscribed, RA, tab 73 at 5 ¶ 24 (Finds. Fact & Concl. L.), and omits any reference to Jose and Florence's shares, Supplemental Excerpts of Record at 1–2 (Guam Annual Report for Joe & Flo's Corporation 2022, Aug. 30, 2022). When testifying as to the change, Harry said his mother, Florence, "wanted to treat everybody equal." Tr. at 56 (Bench Trial). Harry explained further that

"the book–keeper filled out [the annual report]," and Harry "overlooked" the omission from the report before signing it. *Id.*

[9]     The trial court found that "Joe & Flo's never issued physical stock certificates to Jose and Florence Gutierrez [and t]he corporation has not issued physical stock certificates to any of its shareholders." RA, tab 73 at 3 ¶ 10 (Finds. Fact & Concl. L.). The trial court concluded:

5. Pursuant to the June 9, 1973 Special Meeting Minutes, Jose and Florence Gutierrez were issued 78 ¾ shares of stock in consideration for the four parcels of land.

6. The Minutes clearly state that it was the intent for Jose and Florence to have a 24% interest in the corporation.

7. As of March 26, 1985, Jose and Florence Gutierrez maintained their stock interest in Joe & Flo's, as indicated in the text of their Holographic Will. Further, as of August 2009, Jose T. and Florence S. Gutierrez owned 78 ¾ shares according to the corporation's Annual Report. (Plt. Ex. 3).

8. The Court finds that the 24% calculation was based on the total number of shares paid for, as opposed to the shares subscribed for.

9. The Court finds that the current stockholding in Joe & Flo's Inc. is as follows:

| Stockholder | Amount Paid | Shares of Stock Owned | Percentage |
|---|---|---|---|
| Joseph F. Gutierrez | $425.00 | 42.50 | 12.92% |
| Roland T. Gutierrez | $425.00 | 42.50 | 12.92% |
| Harry D. Gutierrez | $425.00 | 42.50 | 12.92% |
| Franklin J. Gutierrez | $425.00 | 42.50 | 12.92% |
| Maryanne G. Sablan | $400.00 | 40.00 | 12.16% |
| Florence G. Elliot | $400.00 | 40.00 | 12.16% |
| Estates of Jose & Florence Gutierrez | 4 parcels of real property | 78.75 | 24.00% |
| | Totals: | 328.75 shares | 100% |

10. Accordingly, the Court finds that the Estates of Jose and Florence Gutierrez are the owners of a twenty-four (24%) interest in Joe & Flo's Inc.

*Id.* at 6–7 ¶¶ 5–10. The court determined that "[t]he Estates of Jose T. and Florence S. Gutierrez are the current owners of a twenty-four percent (24%) interest in Joe & Flo's, Inc., which interest

is represented by 78.75 shares of stock" and ordered Joe & Flo's to "provide a stock certificate in the name of the Estates of Jose T. and Florence S. Gutierrez representing such stock interest." RA, tab 77 at 1 ¶¶ 1–2 (Judgment, Mar. 15, 2024).

[10] Joe & Flo's timely appealed.

## II. JURISDICTION

[11] This court has jurisdiction over an appeal from a final judgment of the Superior Court. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 119-34 (2025)); 7 GCA §§ 3107(b), 3108(a) (2005).

## III. STANDARD OF REVIEW

[12] We review "[f]indings of fact made following a bench trial" for clear error. *Fargo Pac., Inc. v. Korando Corp.*, 2006 Guam 22 ¶ 21. "Findings of fact upon which a trial court's ruling is based are set aside only if clearly erroneous." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2016 Guam 35 ¶ 28. "A finding of fact is clearly erroneous where it is not supported by substantial evidence, and this court is left with a definite and firm conviction that a mistake has been made." *Id.* ¶ 41 (quoting *Ptack v. Ptack*, 2015 Guam 5 ¶ 24).

## IV. ANALYSIS

[13] Joe & Flo's argues the "[s]tock certificates should state Plaintiffs (or the Estates of Jose Gutierrez and Florence Gutierrez) are the owners of 74.75 shares only." Appellant's Reply Br. at 3 (Oct. 15, 2024). Franklin argues the trial court correctly ordered showing 24% ownership because "Joe & Flo's has historically attempted to reduce or even eliminate the Estates' 24% stock interest," and a percentage designation is "[t]he only way to prevent this from continuing." Appellee's Br. at 8 (Oct. 1, 2024). Whether the Estates owned 24% of Joe & Flo's was a finding of fact that we review for clear error. *See Fargo Pac.*, 2006 Guam 22 ¶ 21.

**[14]** "A finding of fact is clearly erroneous where it is not supported by substantial evidence, and this court is left with a definite and firm conviction that a mistake has been made." *M Elec. Corp*, 2016 Guam 35 ¶ 41 (citation omitted). "If the [trial] court's account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Yang v. Hong*, 1998 Guam 9 ¶ 6 (alterations in original) (quoting *Serv. Emps. Int'l Union, AFL–CIO, CLC v. Fair Pol. Pracs. Comm'n*, 955 F.2d 1312, 1317 n.7 (9th Cir. 1992)). As this court has explained:

> A finding is clearly erroneous when, even though some evidence supports it, the entire record produces the definite and firm conviction that the court below committed a mistake. The appellate court accords particular weight to the trial judge's assessment of conflicting or ambiguous evidence. The applicable standard of appellate review is narrow; the test is whether the lower court rationally could have found as it did, rather than whether the reviewing court would have ruled differently.

*Id.* ¶ 7 (quoting *People v. Chargualaf*, Crim. No. 88-00068A, 1989 WL 265040, at *2 (D. Guam App. Div. Sep. 26, 1989)). This standard "is very deferential to the determinations of the trial court," and "appellate courts generally determine that the findings or conclusions are adequate enough to affirm." *Craftworld Interiors, Inc. v. King Enters., Inc.*, 2000 Guam 17 at unnumbered ¶ 8.

**[15]** The trial court made detailed factual findings. Despite Joe & Flo's arguments, the trial court concluded that the Estates own a 24% interest in Joe & Flo's. The trial court concluded that "[t]he Minutes clearly state that it was the intent for Jose and Florence to have a 24% interest in the corporation" and found that the Estates' 78.75 shares currently reflect a 24% interest in Joe & Flo's. RA, tab 73 at 6–7 ¶¶ 6, 10 (Finds. Fact & Concl. L.); RA, tab 77 at 1 ¶¶ 1–2 (Judgment).

Joe & Flo's has failed to show that the trial court's finding is implausible, considering the entire record. *See Yang*, 1998 Guam 9 ¶¶ 6–7.

[16]    The trial court's finding is supported by the Meeting Minutes as well as the mathematical calculation based on shares paid for rather than shares subscribed. As Franklin argues, "If 78.75 shares is added to the 250 paid-in shares held by her children, the total is 328.75 paid in shares. 78.75 shares is 23.95% of the 328.75 shares, which was rounded to 24%." Appellee's Br. at 4; *see also* RA, tab 73 at 2–3 ¶¶ 5–10, 6 ¶ 8 (Finds. Fact & Concl. L.). This finding is also supported by the testimony of Joe & Flo's three witnesses—Elliot, Mark, and Harry—that none of the shareholders purchased additional stock. Further supporting the trial court's finding is Joe & Flo's Annual Reports. The 2009 Annual Report listed Jose and Florence as owning 78.75 shares, but the 2022 Annual Report omitted any reference to Jose and Florence's shares. Harry testified under oath that he "overlooked" the omission in the 2022 Annual Report. Tr. at 55–56 (Bench Trial).

[17]    When reviewing a trial court's findings of fact for clear error, we consider whether the finding is supported by substantial evidence. *M Elec. Corp.*, 2016 Guam 35 ¶ 41. The trial court's finding that the Estates' 78.75 shares of Joe & Flo's currently represents a 24% ownership interest in the Corporation is supported by substantial evidence. The entire record before us does not produce the "definite and firm conviction" that the trial court made a mistake when it found "[t]he Estates are the current owners of a twenty-four percent (24%) interest in Joe and Flo's, Inc., which interest is represented by 78.75 shares of stock." *See M Elec. Corp.*, 2016 Guam 35 ¶ 41; RA, tab 77 at 1 ¶¶ 1–2 (Judgment); RA, tab 73 at 7 ¶ 10 (Finds. Fact & Concl. L.).

## V.    CONCLUSION

[18]    Substantial evidence in the record supports the trial court's finding that the Estates currently have a 24% ownership interest in Joe & Flo's, which interest is represented by 78.75

shares of stock.  A stock certificate for 78.75 shares shall be issued to the Estates of Jose T. and Florence S. Gutierrez.  We **AFFIRM** the Superior Court's judgment.

<br>

| /s/ | /s/ |
|:---:|:---:|
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

<br>

/s/
ROBERT J. TORRES
Chief Justice